## JUBELIRER, PASS & INTRIERI, P.C.
*Attorneys-at-Law*

Joseph J. Pass
Edward H. Walter
James A. Welker
Joseph Santino Pass*
Steven E. Winslow
Patrick K. Lemon

*also licensed in Ohio

*of counsel*
Neal R. Cramer
Joseph M. Burns**

**licensed in Illinois

Ben Paul Jubelirer (1904–1983)
Frank P. G. Intrieri (1942–1976)

October 3, 2019

Richard C. Lowe
King & Ballow
315 Union Street
Suite 1100
Nashville, Tennessee 37201
rlowe@kingballow.com

**Re:   *Teamsters Local 211***

Dear Richard:

    I have received your October 1, 2019 email. Needless to say it is totally self-serving and not accurate. However, I do not intend to debate your constant misstatements. I am more interested in resolving disputes. Simply put, in the 2.5 years which we have been meeting not only with the Teamsters, but every other union, the positions which you have taken have been wooden, refusing to make any sort of compromises. It has been consistently your way or no way. There has not been real negotiations! Your incessant comments about any union proposal that "We will take it under advisement" and then come back saying "We don't like it", has been unwavering. Negotiations require give and take. You have not given anything in the way of reasonable proposals throughout all of the negotiations.

    You have conflated regular bargaining through the guise of "effects bargaining". Your proposals to the Teamsters not only affect what might be happening in the next several weeks, but in essence resolves many of the disputes which we have been dealing with in what you call "contract negotiations." For example, your proposal of September 20, 2019, clearly and unequivocally establishes you are not bargaining over "effects", but rather an entire contract. Your proposal that beginning January 1, 2020, the company will have the absolute right to do anything it wants makes it abundantly clear that contractual terms are being established under the guise of "effects" bargaining. The September 20, 2019 proposal clearly impacts negotiations for a new collective bargaining agreement. Moreover, your proposals have been completely regressive. You have migrated everywhere from offering 20 weeks of severance down to 6 weeks of severance. We will never reach an agreement where there is blatantly regressive bargaining.





rt Pitt Boulevard 1ᵗ Floor, Pittsburgh, PA 15222-1576  Ph: 412.281.3850  •  412.261.0147  F: 412.281.1985
facebook.com/jpilaw  www.jpilaw.com

Moreover, your assertion in your October 1, 2019, email that "The company believes the parties are at impasse in "effects bargaining" and intends to implement its best and final offer on October 7, 2019", belies the fact that bargaining has not even begun, let alone reached impasse. If you are going to bargain about effects, your proposals must be related directly to the effects, not to a new contract negotiation. We can meet 1,000 times, but unless you are willing to make concessions in order to reach an agreement, we will never make an agreement. That is not good faith negotiations.

I should also point out the deadlines which you have created by cutting print is the result of decisions which the employer has unilaterally made consistently refusing to bargain about that decision. We were never permitted to bargain over the decision as to when and if print days should be eliminated but simply were told this is what we are going to do. As a result the employer has set arbitrary dates for reductions which will manifestly impact the employees' wages and terms of conditions of employment. Having said that, if you are willing to meet we will provide you with a new proposal at 10:30 A.M. on Monday, October 7, 2019, at Local 211's office. Hopefully at that time we can engage in a meaningful dialog over what you call "effects" bargaining. Please advise as to whether you are willing to meet as set forth herein.

Very truly yours,

Joseph J. Pass

JJP:crc
cc:    Joseph Molinero, President, IBT Local 211